


**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

JAFET RIVERA,

Defendant(s).

REPORT AND RECOMMENDATION
12-mj-546

Currently pending before the Court are motions by both the government and prior counsel for the defendant Jafet Rivera for a judicial determination pursuant to 18 U.S.C. § 4241 that Rivera is incompetent to stand trial. (Docket # 8). For the reasons set forth below, it is my recommendation that Rivera be determined incompetent to stand trial.

## FACTUAL BACKGROUND

Rivera has been charged in a criminal complaint with a violation of 18 USC § 2422(b). (Docket # 1). Specifically, the complaint charges that the defendant used the internet to entice a child to engage in sexual activity.

On April 17, 2012, this Court ordered that Rivera undergo a psychiatric evaluation at an appropriate federal medical facility to determine whether he is suffering from a mental disease or defect that renders him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(Docket # 10). Thereafter, Rivera was admitted to the Metropolitan Correctional Facility in New York City, where he underwent psychological testing and evaluation by a forensic psychologist, William J. Ryan, Ph.D.

Following that evaluation, Dr. Ryan submitted to this Court a written report dated June 11, 2012, recommending that Rivera be declared incompetent to stand trial pursuant to 18 U.S.C. § 4241. (Docket # 11). The government objected to the findings of Dr. Ryan.

A competency hearing was scheduled for August 14, 2012, but on that date the government formally withdrew its objection and joined in the defendant's motion for the Court to adopt the findings of Dr. Ryan and find the defendant presently incompetent to stand trial.

**DISCUSSION**

A court must declare a criminal defendant incompetent to stand trial if it finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). According to the Second Circuit, the determination of competency turns on whether the defendant has "(1) sufficient present ability to consult with his lawyer with

a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him." *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curiam*)) (internal quotations omitted). In assessing competency, "the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment." *Id.* at 411 (citing *United States v. Hemsi*, 901 F.2d 293, 295 (2d Cir. 1990)).

In concluding that Rivera is currently incompetent to stand trial, I rely upon Dr. Ryan's thorough written report, which I have carefully reviewed and evaluated. I also rely on the fact that both the government and the defendant have adopted the findings of Dr. Ryan and urge the Court to find the defendant incompetent. After an extensive evaluation process, Dr. Ryan determined that Rivera "may not possess a rational and factual understanding of the proceedings against him, may not have the capacity to assist legal counsel in his defense, and may not rationally make decisions regarding legal strategy." See Docket # 11 at p. 17.

**CONCLUSION**

For the foregoing reasons, it is my recommendation that Jafet Rivera be found currently incompetent to stand trial and order that he be committed to the custody of the Attorney General

for a reasonable period, not to exceed four months, to determine "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

SO ORDERED.

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: August 15, 2012
Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: August 15, 2012
Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. United States v. Andress, 943 F.2d 622 (6th Cir. 1991); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).